**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nanette I Gibson, | No. CV-26-00319-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Randall H Warner, et al., | |
| Defendants. | |

Pending before the Court are Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2) and motion for order directing service by the United States Marshals Service (Doc. 4), both of which the Court denies.

The Court cannot find that Plaintiff has established the level of financial need that would allow Plaintiff to proceed in forma pauperis. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. . . . As this court has recognized, one need not be absolutely destitute to obtain benefits of the in forma pauperis statute.  Nonetheless, a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty.") (citations and quotation marks omitted).

Plaintiff asserts that her household's gross monthly income is $3,500.  Plaintiff's household's monthly expenses add up to $3,250, which includes $1,000 for utilities, $200 for home maintenance, $1,200 for food, $50 for laundry, $200 for medical and dental

expenses, $400 for transportation, and $200 for installment payments on a credit card. That leaves a surplus of $250 per month. Plaintiff lives rent-free and lists no dependents or other extenuating circumstances. The Court notes that $1,200 is an unusually high monthly allotment for food for a single-person household and could be substantially reduced by preparing less expensive meals.[1] Plaintiff's annual income of $42,000 far exceeds the current federal poverty guidelines for a single-person household ($15,650)—or even for a family of four ($32,150). *Badillo v. Comm'r of Soc. Sec.*, 2020 WL 2494575, *3 (E.D. Cal. 2020) ("In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services.").

Thus, Plaintiff can "pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. "Courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses." *Valentine v. Granville Realty, Inc.*, 2025 WL 1839935, *2 (E.D. Cal. 2025). "The Court is sympathetic to Plaintiff's financial constraints, [but] to qualify for IFP status, a plaintiff must be experiencing such poverty that the plaintiff cannot reasonably pay court costs without forgoing the normal necessities of life." *Reardon v. O'Malley*, 2024 WL 2160514, *2 (D. Idaho 2024).

Accordingly,

**IT IS ORDERED** that Plaintiff's application for leave to proceed in forma pauperis (Doc. 2) and motion for order directing service by the United States Marshals Service (Doc. 4) are **denied**.

**IT IS FURTHER ORDERED** that Plaintiff must pay the filing fee by **February 9, 2026**.

**IT IS FURTHER ORDERED** that the Clerk of Court, without further notice, shall dismiss this case without prejudice if Plaintiff fails to pay the filing fee by **February 9,**

---

[1] Plaintiff's affidavit states that she owns a 2020 Tesla Model X—a luxury SUV—which is also indicative of a standard of living above the poverty level. However, the complaint suggests that this vehicle is no longer in her possession. (Doc. 1.)

**2026**.

Dated this 26th day of January, 2026.

_____
Dominic W. Lanza
United States District Judge